UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDILBERTO FREDDY S.V.,[1]<br><br>Petitioner,<br><br>v.<br><br>M. WOFFORD, WARDEN OF MESA VERDE DETENTION FACILITY et al.,<br><br>Respondents. | No. 1:26-cv-04155-TLN-AC<br><br>A# 243-090-571<br><br>**ORDER** |

This matter is before the Court on Petitioner Edilberto Freddy S.V.'s ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed an omnibus response. (ECF No. 7.) For the reasons set forth below, the Petition for Writ of Habeas Corpus is GRANTED IN PART (ECF No. 1) and Respondents are ordered to provide Petitioner a bond hearing.

///

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background[2]

Petitioner entered the United States without inspection on or about October 15, 2022. (ECF No. 7-1 at 3.) Immigration authorities subsequently detained Petitioner. (*Id.*) On December 9, 2022, immigration authorities released Petitioner on his own recognizance and issued him a Notice to Appear. (ECF Nos. 7-2, 7-3.) Following his release, Petitioner applied for asylum, and his application remains pending. (ECF No. 1 at 1.) Petitioner is not subject to a final order of removal. (*See generally* ECF No. 7.)

On October 4, 2025, Petitioner was arrested and charged with two felonies for threatening a crime with intent to terrorize and grand theft from a person, and one misdemeanor for battery of a spouse. (ECF No. 7-4 at 5.) Those charges remain pending. (*See generally id.*)

On April 2, 2026, Petitioner reported to the U.S. Immigration and Customs Enforcement ("ICE") office for his required check-in under the conditions of his release. (ECF No. 7-1 at 3.) During the check-in, Petitioner stated that local law enforcement had arrested him for battery, his wife had obtained a restraining order against him, and his criminal charges remained pending in state court. (*Id.*) Immigration authorities determined Petitioner had violated the conditions of his release and detained him. (*Id.*; ECF No. 7-3 at 1, 3.) On May 13, 2026, an immigration judge denied Petitioner bond based on lack of jurisdiction. (ECF No. 1 at 1.)

Petitioner has been detained since his arrest and is currently detained at the Mesa Verde Detention Facility. (*Id.* at 2.) Respondents have not provided him a bond hearing. (*Id.*) Petitioner challenges the lawfulness of his civil detention and argues his detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause. (*Id.* at 5.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[2] These facts are either set forth in Respondents' briefing or are not disputed.

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner argues his detention violates the INA and the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 5.) Petitioner also requests relief pursuant to the rationale in *Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025).[4] (*Id.*) In opposition, Respondents argue Petitioner's detention is lawful because he is subject to mandatory detention under 8 U.S.C. § 1226(c) ("§ 1226(c)"). (ECF No. 7 at 2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there

---

[3] As discussed below, finding relief warranted on the basis of Petitioner's due process claim, the Court declines to address Petitioner's cumulative claim under the INA.

[4] Petitioner claims that, under the rationale in *Bautista*, he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). (ECF No. 1 at 2); *see Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025) (declaring members of the certified Bond Eligible Class are entitled to a custody hearing under § 1226(a)). Respondents argue Petitioner is excluded from the class because he is subject to mandatory detention under § 1226(c). (ECF No. 7 at 8.) Finding relief warranted on Petitioner's due process claim, the Court need not assess Petitioner's class membership status.

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. A person who has been released from physical restraint gains a "liberty [interest that] is valuable and must be seen as within the protection of the" Due Process Clause. *Morrissey*, 408 U.S. at 482. "Even when a statute authorizes detention without a hearing, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute." *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG, 2025 WL 2381464, at *5 (E.D. Cal. Aug. 15, 2025) (citing *Morrissey*, 408 U.S. at 482); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Young v. Harper*, 520 U.S. 143, 147–49 (1997)); *see also Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").

Here, Petitioner gained a protected liberty interest in his continued freedom when immigration authorities released him on his own recognizance in December 2022.[5] (ECF Nos. 7-2, 7-3.) As this Court and numerous other courts have concluded, individuals who have been released from immigration custody have a protected liberty interest in remaining out of custody. *See, e.g.*, *Acosta v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-00530-TLN-EFB, 2026 WL 350831, at *3 (E.D. Cal. Feb. 9, 2026); *Singh v. Chestnut*, No. 1:26-cv-

---

[5] Petitioner's alleged violation of the conditions of his release do not extinguish his liberty interest. *See Marco Antonio B.R. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00810-TLN-CSK, 2026 WL 1091489, at *2 (E.D. Cal. Apr. 22, 2026) (finding a protected liberty interest exists even when petitioner was convicted of continuous sexual abuse of a minor); *see also Gopal B. v. Albarran*, No. 1:26-CV-01083-TLN-CKD, 2026 WL 504736, at *3 (E.D. Cal. Feb. 24, 2026) (finding a protected liberty interest even when petitioner was charged with assault and battery).

00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citing cases). Petitioner remained out of custody for over three years and pursued his asylum application with no allegation that he failed to comply with his reporting obligations. (ECF No. 1 at 5; *see generally* ECF No. 7.) Thus, the Court finds Petitioner has an established liberty interest in his continued freedom.

Respondents argue Petitioner is subject to mandatory detention under § 1226(c) because of his pending criminal charges. (ECF No. 7 at 2.) However, Petitioner's liberty interest is not defeated by statute. Section 1226(c) mandates detention of noncitizens who have been arrested, charged, convicted, or sentenced for certain criminal offenses. 8 U.S.C. § 1226(c). Although the United States Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c), it did not foreclose challenges to the statute as applied to individuals. *See Demore*, 538 U.S. at 513; *Nielsen v. Preap*, 586 U.S. 392, 396, 420 (2019). Courts in the Ninth Circuit routinely review as-applied constitutional challenges to § 1226(c) detention. *See, e.g.*, *Carballo*, 2025 WL 2381464, at *5; *Perera v. Jennings* (*Perera I*), No. 21-CV-04136-BLF, 2021 WL 2400981, at *3–6 (N.D. Cal. June 11, 2021); *Pham v. Becerra*, No. 23-CV-01288-CRB, 2023 WL 2744397, at *4–7 (N.D. Cal. Mar. 31, 2023). Indeed, this Court has recently agreed with other courts in the Ninth Circuit that detention without a bond hearing under § 1226(c) can be unconstitutional as applied, even for noncitizens with criminal convictions more serious than the charges pending against Petitioner. *See Jose G. M. L. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-00047-TLN-EFB, 2026 WL 472987, at *3 (E.D. Cal. Feb. 19, 2026) (finding detention under § 1226(c) without a hearing likely violated due process and collecting cases). Thus, the Court finds Respondents' assertions unavailing.

Accordingly, Petitioner has a liberty interest in his freedom from physical restraint protected by the Due Process Clause. The Court next considers what process was owed to Petitioner.

B. <u>Procedures Required</u>

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an

erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, the Court finds these factors favor a bond hearing at minimum. The Court will address each of these factors in turn.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions in detaining him. The three years that Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d at 1094 ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty, Petitioner has now been detained for over four months without any opportunity to be heard as to the justification of his detention. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been affected by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention. "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Carballo*, 2025 WL 2381464, at *7 (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). It is not this Court's role to determine whether Petitioner is a danger or flight risk. However, without a redetermination that Petitioner's detention is justified and weighing Petitioner's current circumstances before an immigration judge, the risk of erroneous deprivation is high. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are negligible. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). While Respondents assert

the government has "an obvious interest in 'protecting the public from dangerous criminal aliens.'" (ECF No. 7 at 7), the Court does not find this argument persuasive. Petitioner stands charged with — not convicted of — the pending criminal offenses, and no neutral arbiter has found he poses a danger to the community or a flight risk. "While the Government's interest in enforcing the nation's immigration laws is significant, that interest is not at stake here; instead, it is the much lower interest in detaining [Petitioner] pending removal without a bond hearing." *Perera v. Jennings* (*Perera II*), 598 F. Supp. 3d 736, 746 (N.D. Cal. 2022) (citing *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)). "Requiring the government to provide [Petitioner] with a bond hearing does not meaningfully undermine the government's interest in detaining non-citizens who pose a danger to the community or are a flight risk." *Perera I*, 2021 WL 2400981, at *5. Here, there is no final order of removal for Petitioner. As discussed above, no neutral arbiter has found Petitioner to be a danger to the community or a flight risk. Moreover, the cost and time of procedural safeguards are minimal here. Bond hearings are routine processes for Respondents and carry minimal burden.

On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Carballo*, 2025 WL 2381464, at *8. Respondents have not provided such a hearing and are continuing to deny him one. Therefore, Respondents have denied Petitioner the "fundamental requirement of due process . . . the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. Accordingly, Petitioner is entitled to relief on his due process claim in the form of a bond hearing.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART.[6]

---

[6] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 6.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

2. Petitioner's Motion for TRO (ECF No. 2) is DENIED as moot.

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider alternative conditions of release and Petitioner's financial circumstances in setting bond. At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral factfinder at the hearing.

4. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order and identify Petitioner's custody status and the outcome of any hearing.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent material changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

//

IT IS SO ORDERED.

DATE: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE